UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

              Plaintiff,

  v.

JAY R. INSLEE, *et al.*,

              Defendants.

Case No. C23-5604-RAJ-MLP

REPORT AND RECOMMENDATION

      Plaintiff John Demos, Jr., is a state prisoner who is currently confined at the Washington State Penitentiary ("WSP") in Walla Walla, Washington. He has submitted to the Court for filing a proposed civil rights complaint and a proposed application to proceed *in forma pauperis* ("IFP"). (Dkts. ## 1, 1-1.)

      Plaintiff identifies three claims for relief in his proposed complaint. In the first count of his pleading, he alleges that Defendants violated his right to be free from cruel and unusual punishment when they delayed his transfer to an outside hospital for examination and testing in relation to a suspected cancer diagnosis. (Dkt. # 1-1 at 7-8.) According to Plaintiff, his doctor at WSP suspects he may have cancer and has recommended he be transferred to an outside hospital

REPORT AND RECOMMENDATION
PAGE - 1

because the prison infirmary lacks the medical equipment necessary to conduct the necessary tests for cancer. (*Id*.) Plaintiff claims there has been a two-year delay in having him seen by an outside doctor, and he fears this delay may prove fatal. (*Id*. at 8.)

Plaintiff alleges in the second count of his pleading that Defendants have violated the Thirteenth Amendment prohibition against slavery and peonage. (Dkt. # 1-1 at 9.) He asserts in support of this claim that Defendants have an obligation to "operate, finance, and support safe prisons," and he appears to claim that Defendants have failed to meet this obligation because federal funds given to the Washington Department of Corrections ("DOC") for this purpose have been mismanaged and misappropriated by DOC prison staff and officials. (*See id*. at 9-10.) Plaintiff cites to the fact that there were four inmate deaths in less than two weeks at WSP as evidence that the facility is unsafe, and he questions whether the DOC should be defunded in light of these deaths. (*Id*. at 9.)

Finally, in the third count of his pleading, Plaintiff alleges that Defendants have violated his "private rights" under the Ninth and Tenth Amendments. (Dkt. # 1-1 at 10.) Plaintiff asserts in support of this claim that while he was housed in the administrative segregation unit at WSP, he was denied access to the materials necessary to access the courts, and the cell light was kept on 24 hours a day causing him eye pain and placing him at risk of going blind because he suffers from Glaucoma. (*Id*.) Though not entirely clear, Plaintiff also appears to complain that he was placed in segregation because of threats made on his life by prison staff and as retaliation for filing Prison Rape Elimination Act ("PREA") complaints. (*Id*. at 11.) In addition, Plaintiff complains that he was subject to unsafe and inhumane living conditions, that false infractions were filed against him and false information was placed in his parole board file, that the food

REPORT AND RECOMMENDATION
PAGE - 2

served to WSP inmates is unclean, and that the water is unclean and contains hazardous chemicals. (*Id.*) Finally, Plaintiff claims that some WSP staff members harass and intimidate mentally ill inmates. (*Id.* at 12.)

Plaintiff identifies the following Defendants in his proposed complaint: (1) Washington State Governor Jay Inslee; (2) Washington State Attorney General Robert Ferguson; (3) DOC Secretary Cheryl Strange; (4) WSP Superintendent Robert Jackson; (5) WSP Associate Superintendent Brad Bowman; (6) DOC Director Robert Herzog; and (7) DOC Deputy Director Jeffrey Uttecht. (*See* dkt. # 1-1 at 1, 3, 4, 6.) Plaintiff seeks damages in the amount of $5 million. (*Id.* at 13.)

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). Because of Plaintiff's history as an abusive litigant, he is permitted to submit only three IFP applications and proposed actions each year in this Court. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ("1992 Bar Order"); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). In addition, because Plaintiff has acquired more than three "strikes" under 28 U.S.C. § 1915(g), he may not proceed IFP unless he plausibly alleges that he faced imminent danger of serious physical injury at the time he filed his complaint. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

REPORT AND RECOMMENDATION
PAGE - 3

1  The Court observes that Plaintiff has already exceeded his annual limit of IFP
2  applications and proposed actions for this year. *See, e.g.*, *Demos v. Scalise*, C23-40-BJR (W.D.
3  Wash.); *Demos v. McCarthy*, C23-56-BJR (W.D. Wash.); *Demos v. Fricke, et al.*, C23-5156-
4  TSZ (W.D. Wash.); *Demos v. United States District Court*, C23-5157-JCC (W.D. Wash.);
5  *Demos v. United States of America, et al.*, C23-768-TL (W.D. Wash.). Moreover, Plaintiff's
6  proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of
7  serious physical injury at the time of filing." *Andrews*, 493 F.3d at 1055.
8  Plaintiff makes various allegations of imminent danger in his pleading. He first alleges
9  imminent danger based on Defendants' alleged delay in transferring him to an outside facility for
10 examination and testing in relation to a suspected cancer diagnosis. (*See* dkt. # 1-1 at 8.)
11 However, exhibits attached to Plaintiff's proposed complaint reveal that he has not been
12 diagnosed with cancer and that his medical provider is working to ensure that issues of concern
13 are being addressed. (*See id*. at 33-34, 52, 54-55.) Plaintiff next alleges imminent danger based
14 on the recent deaths of a number of WSP inmates that he claims resulted from unsafe prison
15 conditions, and he speculates that the same fate could have befallen him. (*Id*. at 10; *see also id*. at
16 12.) Finally, Plaintiff alleges imminent danger based on the fact that his past and present living
17 conditions are unsafe and unsanitary. (*Id*. at 11.) None of these allegations demonstrates that
18 Plaintiff faced imminent danger of serious physical injury at the time of the filing of his proposed
19 complaint, as the allegations are unsupported, speculative, and/or overly vague. The Court
20 observes as well that Plaintiff fails to connect any of the named Defendants to his allegations that
21 he faced imminent physical harm at the time of filing.
22
23

REPORT AND RECOMMENDATION
PAGE - 4

Even assuming Plaintiff were able to satisfy the imminent danger exception, his complaint is nonetheless deficient because it does not adequately state a claim for relief against any of the named Defendants. In particular, Plaintiff fails to allege sufficient facts to demonstrate that any of the named Defendants personally participated in causing him harm of federal constitutional dimension as is required for an action brought under 42 U.S.C. § 1983. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Finally, the Court observes that the events giving rise to Plaintiff's asserted claims appear to have occurred at WSP, which is in the Eastern District of Washington. In addition, it appears likely that the conduct underlying those claims was undertaken by WSP employees, who would presumably reside in the Eastern District. Accordingly, venue is proper in the Eastern District of Washington and not in this district, *see* 28 U.S.C. § 1391(b), a fact which Plaintiff, who is an experienced litigant in this State, well knows. If Plaintiff believes he has viable causes of action to assert relating to the conditions of his confinement at WSP, he must pursue such claims in the Eastern District.

Based on the foregoing, this Court recommends that Plaintiff's IFP application (dkt. # 1) be DENIED and that Plaintiff's proposed complaint (dkt. # 1-1) and this action be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

REPORT AND RECOMMENDATION
PAGE - 5

motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 8, 2023**.

Dated this 11th day of August, 2023.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge